UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID HAROLD HANSON,  )  | Case No. 19-CV-1124-GBW-KK |
|   )  |  |
|    Plaintiff,  )  |  |
|   )  |  |
| vs.  )  |  |
|   )  |  |
| FORREST FENN,  )  |  |
|   )  |  |
|    Defendant.  )  |  |
|   )  |  |

## ANSWER TO PLAINTIFF'S COMPLAINT
## AND COUNTERCLAIM

Comes now Defendant Forrest Fenn, by and through his attorneys, SOMMER KARNES & ASSOCIATES, LLP, and for his answer to the Plaintiff's Complaint, state as follows:

1. Defendant is without sufficient information to admit or deny the allegations as to the identity, address, phone number and/or email address of Plaintiff, but admits the remaining allegations contained in Paragraph I of the Complaint as they pertain to Defendant's name, address and phone number.

2. Defendant is without sufficient information as to Plaintiff's jurisdictional claim of "diversity of citizenship" as alleged in Paragraph II.

3. Defendant is without sufficient information to admit or deny the allegations as to the citizenship of Plaintiff as alleged in Paragraph II(B)(1)(a).

4. Defendant admits the allegation contained in Paragraph II(B)(2)(a) of the Complaint as it pertains to Defendant's citizenship.

5. Defendant denies the allegations contained in Paragraph II(B)(3) as to the amount Plaintiff claims is in controversy.

1

6.	Defendant denies the allegations contained in Paragraph II(B)(3) with regard to the value of the articles in Defendant's hidden treasure.  Defendant has never revealed to any party or person the value of the articles in his hidden treasure; hence, all allegations in Paragraph II(B)(3) with regard to the value of the treasure are fictitious, fabricated by Plaintiff, and are, therefore, denied by Defendant.

7.	Defendant specifically denies the allegations in Paragraph II(B)(3) that he has shown "careless attention to additional clues leading to the ocation (sic) of the 'treasure' by reporting publicly and or possibly privately and not shared or made available with the Plaintiff. . ."

8.	Defendant denies the allegations contained in Paragraph III that Defendant "graciously prepared a 'treasurer' box containing an unknown value of articles."

9.	Defendant denies the allegations contained in Paragraph III that "clues to finding said articles were published by the Defendant for the Plaintiff to follow for the recovery of same" and affirmatively states that Defendant did not publish any clues specifically to and for the Plaintiff to follow.

10.	Defendant is without sufficient information to admit the allegations contained in Paragraph III that Plaintiff "followed the clues and arrived at the location the hidden items were found" and thus, denies the allegations.

11.	Defendant denies the allegations contained in Paragraph III that "additional conflicting and misleading clues were issued by the Defendant or with the knowledge and/or approval of the Defendant which caused the Plaintiff to move from his search area and which additional clues benefited those close to the Defendant who subsequently "found" the items in question."

12. Defendant denies the allegations contained in Paragraph III that "said actions by the Defendant prejudiced the ability of the Plaintiff to further his life and support the lives of needs and autistic children and their families as well as Plaintiff."

13. Defendant denies the allegations contained in Paragraph III that "Plaintiff was damaged by the actions of the Defendant by withholding the treasure from the Plaintiff by fraudulent statements."

## AFFIRMATIVE DEFENSES

A. The Complaint fails to state a claim upon which relief may be granted.

B. The Complaint is barred by a lack of consideration.

C. The Complaint is barred by fraud of the Plaintiff.

## COUNTERCLAIM
### (Malicious Abuse of Process)

1. Defendant/Counter-Plaintiff ("Counter-Plaintiff") is a resident of Santa Fe, New Mexico.

2. Upon statements made by Plaintiff/Counter-Defendant ("Counter-Defendant) in his Complaint, he is a resident of Colorado Springs, Colorado.

3. This Court has jurisdiction over the parties and subject matter of this Counterclaim and venue is proper in this Court.

4. Counter-Defendant's unsubstantiated allegations and inflammatory claims against Counter-Plaintiff in his complaint were asserted without probable cause or factual evidence of any kind.

5. Counter-Defendant's suit is intended to use a judicial proceeding for the primary motive to accomplish an illegitimate end, i.e., to attempt to require that Counter-Plaintiff divulge the location of the "treasure" and/or extort money from Counter-Plaintiff.

6. Counter-Defendant's suit constitutes a malicious abuse of process.

7. Counter-Defendant's unsubstantiated allegations and inflammatory claims against Counter-Plaintiff in his complaint are designed to take advantage of and abuse Defendant who is 89 years old and his spouse who is 87 years and suffers from serious health problems.

8. As a proximate result of Counter-Defendant's malicious abuse of process, and as intended by Counter-Defendant, Counter-Plaintiff was forced to incur attorneys' fees and costs to defend against frivolous, unsubstantiated and false allegations made by Counter-Defendant.

9.. Counter-Plaintiff is entitled to an award of attorneys' fees as a result of Counter-Defendant's malicious abuse of process.

**WHEREFORE**, Defendant prays that the Plaintiff's Complaint be dismissed with prejudice and Defendant be awarded his costs, attorneys' fees and such other and further relief as the Court deems just under the circumstances.

    Respectfully submitted,

    SOMMER KARNES & ASSOCIATES LLP
    *Attorneys for Defendant*


    By:   /s/ Karl H. Sommer
        Karl H. Sommer
        khs@sommerkarnes.com
        P.O. Box 2476
        Santa Fe, NM 87504-2476
        (505) 989-3800

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was electronically filed and served to all parties of record on this 18th day of February, 2020.

                                            /s/ Karl H. Sommer
                                            Karl H. Sommer