UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **DAVID HAROLD HANSON,** | ) | Case No. 19-CV-1124-GBW-KK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **FORREST FENN,** | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR CLARIFICATION OF ORDER OF DISMISSAL WITH PREJUDICE**

COMES NOW Defendant Forrest Fenn, by and through his attorneys, Sommer, Karnes & Associates, LLP (Karl H. Sommer), and moves this Court to clarify the effect of the Court's Order of Dismissal with Prejudice on the Motion to Intervene. As grounds for the request, Defendant Fenn states as follows:

1. On December 2, 2019, Plaintiff David Hanson filed his Complaint (Doc. 1) against Defendant Fenn.

2. Before service of process of the Complaint on Defendant Fenn, Brian Joseph Erskine ("Erskine") filed a Motion to Intervene (Doc. 9) (Filed:12/20/19).

3. On January 28, 2020, Plaintiff Hanson effected service of process of the Complaint as shown by the Return of Service (Doc. 13) (Filed: 02/3/20).

4. On December 30, 2020, Erskine prematurely filed what purported to be an Answer and Crossclaim (Doc.12).

5. On February 18, 2020, Defendant Fenn filed his Answer to the Complaint and Counterclaim. (Doc.16).

6. On February 19, 2020, Magistrate Judge Kirsten Khalsa filed an Order Setting Response Deadline (Doc.17) providing that Plaintiff Hanson and Defendant Fenn had until March 11, 2020 to file their responses to Erskine's Motion to Intervene.

7. On February 20, 2020, Plaintiff and Defendant filed their Stipulated Notice of Dismissal of Complaint and Counterclaim (Doc.20).

8. The Court entered is Order of Dismissal with Prejudice (Doc. 25) on March 5, 2020, which dismisses "the action with prejudice" and makes no reference to Erskine's pending Motion to Intervene. The Court's docket shows the entire case as closed.

9. Defendant Fenn does not want to fail to file a response to Erskine's Motion to Intervene and seeks clarification that indeed no response to the Motion would be appropriate given the Court's Order of Dismissal with Prejudice, i.e., that the response has been rendered moot by the Court's Order of Dismissal with Prejudice.

10. Erskine is, of course, free to file a separate action based upon the proposed Crossclaim (Doc. 23) (Refiled on 03/04/20) if the case is closed and there is no "case" in which to intervene.

Wherefore, Defendant Fenn requests that Court clarify whether the response to Erskine's Motion to Intervene has been rendered moot and need not be filed as earlier ordered by Magistrate Judge Khalsa.

                                    Respectfully submitted,

                                    SOMMER KARNES & ASSOCIATES LLP
                                    *Attorneys for Defendant*
                                    By:     /s/ Karl H. Sommer
                                            Karl H. Sommer
                                            khs@sommerkarnes.com
                                            P.O. Box 2476
                                            Santa Fe, NM 87504-2476
                                            (505) 989-3800

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading was electronically filed and served to all parties of record on this 5th day of February, 2020.

/s/ Karl H. Sommer
Karl H. Sommer

3