UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| DAVID HAROLD HANSON, | ) | Case No. 19-CV-1124-GBW-KK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FORREST FENN, | ) | |
| | ) | |
| Fenn. | ) | |
| | ) | |

### DFENDANT FENN'S RESPPONSE IN OPPOSITION
### TO PLAINTIFF'S MOTION TO REOPEN

COMES NOW Fenn Forrest Fenn ("Fenn"), by and through his attorneys, SOMMER KARNES & ASSOCIATES, LLP, and submits his Response in Opposition to Plaintiff's Motion to Reopen (Document 31, Filed May 11, 2020) (the "Motion").

I. **Summary of Response.**

As demonstrated below, the Court should deny the Motion for the following reasons:

A.  On his own initiative, Plaintiff David H. Hanson ("Hanson") spontaneously offered in writing to dismiss his Complaint against the Fenn, and Fenn accepted the offer and dismissed his Counterclaims. Hanson and Fenn executed and filed a Stipulated Notice of Dismissal pursuant to the agreement between them. Hanson is bound by the agreement he made and cannot establish the requisite "mistake, surprise, inadvertence or excusable neglect" under Rule 60(1), because he knowingly, intentionally and purposefully entered into a settlement of the case resulting in the dismissal of his Complaint.

B.  Hanson's claims that he was not served by the Stipulated Notice of Dismissal are belied by the record of the e-mails automatically sent upon each filing with the Court which demonstrate unequivocally that Hanson was served with the Stipulated Notice of Dismissal, the

1

Order of Dismissal and the subsequent filings. Therefore, Hanson cannot demonstrate that he was not served or that he was somehow surprised by the Order of Dismissal.

II. **Background Facts.**

    1.    On February 9, 2020, Hanson sent a letter to Fenn stating:

> Just recently, as I was doing some research, I found that you are a brother in Christ and *I cannot sue you for a dime nor will I continue in the action I brought* and which I know has cost you some issues and money I don't even know about. I wish I were in a position to cover those costs but maybe someday.
>
> . . .
>
> I want no more for your release from the suit. *I would like it go [sic] through the courts with the settlement being sealed, not available to Mr. Erskine and done with prejudice.* (*See* Exhibit A Letter from Hanson to Fenn 02/19/20)(*emphasis added*)

    2.    On February 20, 2020, counsel for Fenn sent an e-mail to Hanson and Movant in Intervention Brian Eskine stating:

> Dear Messrs. Hanson and Erskine:
>
> I understand from recent correspondence from Mr. Hanson to Mr. Fenn that Mr. Hanson is willing to drop his claims with prejudice. Mr. Fenn is willing to dismiss his claims against Mr. Hanson with prejudice. The applicable rules of procedure allow the parties to enter into stipulation to accomplish these dismissals. The rules provide that all parties who have appeared to consent. I have prepared the appropriate stipulation for your consideration; it is attached.
>
> Since Mr. Erskine's position is that Mr. Hanson's case should be dismissed, I am assuming Mr. Eskine has no objection to the stipulation and will note his approval.
>
> *Please review the attached stipulation and respond via e-mail that you are in agreement to enter the stipulation. If you are not, please let me know that as well.* Your prompt response will be most appreciated. (*See* Exhibit B Email Chain Sommer to Hanson and Erskine 02/20/20 with attachment) (*emphasis added*)

3. In less than one hour from his receipt of the foregoing email, Hanson responded:

> Having read through your motion to dismiss this issue and *I think it truly does well define my desires and will fulfill my purpose* and.[sic] Please do, once again, pass my deep regrets to Mr. Fenn for my previous actions and assure him I know my error in judgment. He has been a gentleman this whole time and I understand completely his need to secure your services on his behalf.
>
> If you need a hard copy of my signature, please forward the papers for my signature. *If this acceptance is sufficient, file it, if you need a digital signature, let me know.* (*See* Exhibit B Email Chain Sommer to Hanson and Erskine 02/20/20 with attachment)(*emphasis added*)

4. At the end of the day on February 20, 2020, counsel for Fenn notified Hanson and Erskine that the Stipulated Notice of Dismissal of the Complaint and Counterclaim would be filed with the Court and provided them both with the signed copy. (*See* Exhibit C Sommer email to Hanson and Erskine 02/20/20 with attachment).

5. The Court entered its Order of Dismissal with Prejudice on March 5, 2020 (Doc. 23).

6. Hanson had registered himself to receive pleading notices *via* email at the commencement of this matter, as indicated on the Court's docket service list. Hanson lists his service email address in the Court's docket service list as "David Harold Hanson Dave@rcos.net".

7. The Court's automatically generated e-mail notifications of the filings show Hanson as a recipient for the filing of the Stipulated Notice of Dismissal (Doc. 18) and the Court's Order (Doc. 23)(*See* Exhibits D and E, respectively).

8. The e-mail address for Hanson on file with the Court, namely *Dave@rcos.net*, is the same address counsel for Fenn used in sending the draft Stipulated Notice of Dismissal, to which Hanson responded.

3

9. Hence, Hanson's email on file with the Court was effective to notify Hanson of the dismissal of the Complaint and Counterclaim, and Hanson was electronically served with all pleadings filed in this case.

10. Fenn filed a Motion for Clarification of Order of Dismissal With Prejudice (Doc. 26) on March 5, 2020, related to the Movant in Intervention Brian Erskine, and the Court issued its Order (DOCKET TEXT) (Doc. 25) indicating that all deadlines related to the Motion to Intervene (Doc. 6) were vacated and that the case was closed.

11. The email notices of the Motion for Clarification and the Court's Order vacating all deadlines and closing the case were emailed to Hanson at his address on file with the Court. (*See* Exhibits F and G, respectively). Neither the Motion for Clarification nor the Order vacating the deadlines and closing of the case had any impact or effect on Hanson.

12. In his pleading titled "Motion to Dismiss 'Notice of Voluntary Dismissal of Case'", (Doc. 26), Hanson admits he received the email notices attached as Exhibits D, E, F, and G.

### III. <u>Argument.</u>

Premised upon Rule 60(b)(1), Hanson's Motion (Doc. 30) seeks to (a) "reopen" the case, (b) require service of "all documents filed with or received from this Honorable Court", and (c) grant Hanson 2l days to "respond to any answers, pleadings, motions or other documents after receipt of all filed documents". (Motion at p.3).  While not saying so explicitly, Hanson really seeks to set aside his agreed upon dismissal of his case with prejudice and to continue with his case against Fenn.  For he states, "Plaintiff, not having all the facts in this Case, laments the decision to sign the motion to Dismiss the Case". (Motion at p.3)

Rule 60(B)(1) is not intended to relieve a party from effects of an agreement freely made to dismiss his lawsuit. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006)

4

(where the court states "[g]enerally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts or subsequently-gained knowledge that corrects prior erroneous legal advice of counsel".)  A party who moves for Rule 60(b) relief " 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion.' " Id. (citation omitted.) (*See also, Mardanlou v. Gen. Motors Corp.,* 69 F. App'x 950, 951–52 (10th Cir. 2003)("Rule 60(b) does not provide relief for mistakes made in the negotiation of a contract or a stipulation...." citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996))

Under Rule 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.  Hanson made an unsolicited offer to dismiss his Complaint in his letter of February 9, 2020, explicitly stating that it be "done with prejudice".  Fenn accepted Hanson's offer and agreed to dismiss the Counterclaim (Doc. 9) with prejudice.  After reviewing the draft Stipulated Notice of Dismissal, Hanson wrote to defense counsel via email on February 20 , 2020, (Exhibit B) "[h]aving read through your motion to dismiss this issue and *I think it truly does well define my desires and will fulfill my purpose ….*"  The Stipulated Notice of Dismissal states in clear, unambiguous terms that the parties "*hereby dismiss all claims made by Plaintiff* in his Complaint and all counterclaims made by Defendant in his Answer and Counterclaim in this case *with prejudice* pursuant to NMRA 1-041."  Hanson concludes his email: "If you need a hard copy of my signature, please forward the papers for my signature. *If this acceptance is sufficient, file it, if you need a digital signature, let me know.*"  Based upon Hanson's signature on the Stipulated Notice of Dismissal, defense counsel filed it with the Court, and the case was dismissed with prejudice under Rule 41(a)(1)(A)(ii).

5

Though Hanson now "laments [his] decision", he presents no facts support his claim that his stipulated dismissal resulted from "mistake, inadvertence, surprise, or excusable neglect." On the contrary, the facts indisputably demonstrate Hanson knowingly, intentionally and purposefully agreed to a mutual dismissal with prejudice by signing the Stipulated Notice of Dismissal.

Despite the electronic record of notice and service of pleadings, Hanson asserts that, "due to not receiving all filed documents by Defendant, [Hanson] did not have all the information available to make an informed decision concerning signing the 'Consent to Dismiss'". (*See* Motion at p.1) Importantly, Hanson fails to identify what important information he lacked *prior* to "signing the 'Consent to Dismiss'", which if he had received, he would not have dismissed his case. His letter of February 9, 2020, and his email of February 20, 2020, reveal Hanson's improper motivation in filing the suit, his intentions in dismissing the case, and finally his remorse for having filed it in the first place. In his letter, Hanson makes the following frank admission:

> Anyway, I got carried away with trying to secure funds for "My Kids" (the autistic and other needs kids) and thought this was a way of doing so. I was fooling myself and not trusting.
>
> I want no more for your release from the suit. I would like it go through the courts with the settlement being sealed, not available to Mr. Erskine and done with prejudice."

He concludes his letter by apologizing, "Again, sorry for being so wrong and please accept my apology. I never needed 1.5mm for 'My Kids [*sic*] but it was my own desire not His." In his email of February 20, 2020, he again expresses his remorse: "Please do, once again, pass my deep regrets to Mr. Fenn for my previous actions and assure him I know my error in judgment." Hanson's decision to dismiss his case was borne of a deep regret in having (improperly) sued Fenn in an attempt to get money from Fenn -- not from a supposed lack of information he would have had if he had received all of the pleadings by regular mail.

6

Finally, the emails from the Court alerted Hanson to and served upon Hanson the Stipulated Notice of Dismissal (Doc. 23), the Court's Order of Dismissal with Prejudice (Doc. 26) and all previous and subsequent filings.  (*See*, D.N.M.LR-Civ. 5.1(a) "Electronic filing constitutes service for purposes of FED. R. CIV. P. 5, except as to parties excused from electronic filing by Federal rules, these rules, or Court order".)  In his email of February 20, 2020 (Exhibit B), Hanson himself directed that the Stipulated Notice of Dismissal be filed.  He was notified by defense counsel that it would be filed once Hanson and Mr. Erskine signed it.  Simply put, the documentary record belies Hanson's claim that he did not have all of the information available.

IV.    **Conclusion**.

Ironically, Hanson's admission of his financial motivations in filing the case and his decision to dismiss his baseless claims were, in no small measure, honorable.  Now, regretting that he did *the right thing*, Hanson now believes that his dismissal was a mistake.  Unfortunately for him, Rule 60(B)(1) does not provide Hanson relief from the "mistake" he made in dismissing his case with prejudice.   Fenn requests that the Motion be denied, and Fenn be awarded his costs, attorneys' fees and such other and further relief as the Court deems just under the circumstances.

        Respectfully submitted,

        SOMMER KARNES & ASSOCIATES LLP
        *Attorneys for Fenn*


        By:     /s/ Karl H. Sommer
             Karl H. Sommer
             khs@sommerkarnes.com
             P.O. Box 2476
             Santa Fe, NM 87504-2476
             (505) 989-3800

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing pleading was electronically filed and served to all parties of record on this 24th day of May, 2020.

                                               /s/ Karl H. Sommer
                                               Karl H. Sommer