Case 1:19-cv-01124-WJ-KK   Document 33   Filed 06/04/20   Page 1 of 5

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN - 4 2020

MITCHELL R. ELFERS
CLERK /mn

| US District Court For New Mexico – Albuquerque<br>Pete V. Domenici U.S. Courthouse<br>333 Lomas Blvd NW Albuquerque, NM 87102 | |
|---|---|
| **Plaintiff:**<br>David H. Hanson | **FOR COURT USE ONLY** |
| Defendant<br><br>Forrest Fenn | Case Number<br>**19cv-01124- WJ-KK**<br>Division          Courtroom |
| NOTICE OF NON-OPPOSITION AND CONSENT TO REOPEN THE CASE | |

    Comes now Plaintiff, David H. Hanson, *Pro Se*, and prays this Honorable Court issue an Order to grant the "Motion to Reopen this Case" as Defendant makes no opposition and consents to the "Motion to Reopen this Case". Local Rules section 8(3)

## INTRODUCTION

    Plaintiff is a Pro Se party and pleadings or other filings are to be interpreted more liberally and to a less stringent standard than pleadings drafted by Attorneys. See Erickson v. Pardus, 551 U.S. 89, 94 (2007); Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007); Hall v. Bellmon, 935 F.2d 1106, 1110.

    Counsel for Defendant is a licensed Attorney and, as a member of the Bar, is to be held to a higher standard than *Pro Se* parties.

    This is not a response to any filings/motions or other documents but a notice of non-opposition and consent to grant the "Motion to reopen the Case", as Plaintiff has not been served the response to Plaintiff's "Motion to Reopen the Case" filed 08 May 2020..

## STATEMENT OF FACTS

    On 08 May 2020, Plaintiff filed a "Motion to Reopen the Case"

    On 8 May, 2020, a paper copy was served upon Defendant by US Mail, Certificate/Affidavit of mailing included and proper postage affixed.

Counsel has also been served on the Court's CM/EFC system.

Counsel has filed a response to the Court signifying receipt of service.

Defendant has not served a paper response to Plaintiff therefore Plaintiff has not been served.  LOCAL RULES (LR) 5(a)(b) – 5.2

### ADDITIONAL ARGUMENTS IN SUPPORT FOR GRANTING MOTION

1. Local Rules allow 14 days to respond to and serve motions or other documents/filings and the time for Defendant to perform service of opposition or acceptance on the Plaintiff was 22 May, 2020.  As of 01 June, 2020 no paper service has been received by Plaintiff.  LR 7.4(a), FRCP. 6(a) and (d)
2. Plaintiff respects Defendant's possible need for extra time to serve a response to Plaintiff or to request an extension of time to serve from the Court. Plaintiff has now waited an additional 11 days from Defendant's filing of response with the Court, sufficient time for a paper service to Plaintiff. Local Rules 5(a)(b) and FRCP 5.1
3. Filing and service are shown to be differentiated in FRCP and LR by the use of the phrase "filing and service".  LR 5.2 – 7.1(b), FRCP Rule 5.
4. Plaintiff is exempt from sending/receiving electronic filings according to FRCP and LR and not registered to be served electronically with service. Electronic filing constitutes service for purposes of FED. R. CIV. P. 5, except as to parties excused from electronic filing by Federal rules, these rules, or Court order. LR 5.1(a)
5. Plaintiff has not issued approval, in writing, to receive any motions, filings or other documents as service by electronic means, including Email.  LR 5.1(a) FRCP 5 (b)(E)
6. An electronic filing to the Court is not a service on a *Pro se* party. An electronic document is considered filed on the date of the electronic transfer but not served if the *Pro Se* Party to be served who is not registered to be served electronically.  The Plaintiff is not registered.  Rule 5.1 (b)
7. Plaintiff believes he has not been served all documents in this Case.  Since the case's inception, Plaintiff has not been served unknown filings due to lack of service.
8. Plaintiff as a *Pro Se* party believed, mistakenly, the Court was handling filings not served, but is now educated.  Plaintiff believes he had, in good faith, followed all rules required, including making paper service upon Defendant which have been done in all

filings, and now understands service and the responsibility to respond to filings appropriately.

9. Plaintiff's attempt to view Defendant's filings on the CM/EFC was greeted with: "NOTICE: This is a restricted government website for official PACER use only. Unauthorized entry is prohibited and subject to prosecution under Title 18 of the U.S. Code". Plaintiff has not requested authorized entry.

10. Defendant has filed a response with the Court on the "Motion to Reopen the Case", which response is unseen by the Plaintiff. Therefore, service has not been fulfilled; The Plaintiff is left ignorant of content of the response and need not reply due to time for service having expired.

11. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Plaintiff has not been served and additional time of 11 days beyond the time prescribed for service has lapsed. Plaintiff is filing this Notice within 14 days of the due date for a response as required. Local Rules 7.1(b) and 7.4(b)

THEREFORE: In good faith, there being no opposition and with consent of Defendant, Plaintiff prays this Honorable Court grant the "Motion to Reopen the Case" based upon law and the discretion of this Honorable Court.

Respectfully submitted this 1st June, 2020

David H. Hanson, Plaintiff

## AFFIDAVIT/CERTIFICATION OF SERVICE

Plaintiff does hereby certify that a true and complete copy of Plaintiff's "Notice of Non-Opposition and Consent to Reopen the Case' was placed in the US mail with proper postage affixed on this 1st day of June, 2020 to:

Karl Sommer, Attorney for the Defendant, 125 Lincoln Ave, Suite 221, Santa Fe, NM 87501

David H. Hanson, Plaintiff



Hadson
2077 Windham Way
Colorado Springs Co
80906

U.S. District Court
for New Mexico - Albuquerque
Pete V. Domenici U.S. Courthou.
333 Lomas Blvd N.W.
Albuquerque, NM 87102