# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

_____

DAVID HAROLD HANSON,

    Plaintiff,

v.                               No. 1:19-cv-1124 WJ/KK

FORREST FENN,

    Defendant.

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S (1) MOTION TO DISMISS NOTICE OF VOLUNTARY DISMISSAL; (2) PRAYER FOR RELIEF TO GRANT PLAINTIFF'S MOTION; (3) PRAYER FOR RELIEF TO GRANT PLAINTIFF'S MOTION; AND (4) MOTION TO REOPEN CASE

THIS MATTER IS BEFORE THE COURT on Plaintiff's Motion to Dismiss Notice of Voluntary Dismissal, filed March 12, 2020, (**Doc. 28**), Prayer for Relief to Grant Plaintiff's Motion, filed May 4, 2020, (**Doc. 29**), Prayer for Relief to Grant Plaintiff's Dismiss Notice of Voluntary Dismissal, filed May, 4, 2020 (**Doc. 30**),[1] and Motion to Reopen Case, filed May 11, 2020 (**Doc. 31**).  Having reviewed the briefing and considered the applicable law, the Court concludes that Plaintiff's Motions, filed separately but all requesting identical relief, are not well taken and are therefore **DENIED**.

## BACKGROUND

This case arises from an infamous modern-day treasure hunt created by Santa Fe author and antiquities dealer Forrest Fenn.  Fenn purported to have hidden a treasure chest somewhere in the Rocky Mountains, with the clues to its location in a poem found in his 2010 autobiography,

---

[1] Docs. 29 and 30 are exact duplicates and appear to have been filed on the same day as separate docket entries in clerical error.

"The Thrill of the Chase."  Danielle Prokop, *Hunt Is Over, Or Is it?*, SANTA FE NEW MEXICAN, June 8, 2020, at A1.  An estimated 350,00 people took part in the decade long treasure hunt.  *Id.* Plaintiff was one of those treasure hunters.

Plaintiff, *pro se*,[2] filed suit against Fenn, claiming $1,500,000 in damages which Plaintiff asserted was one-half of the value of Fenn's treasure.  (Compl., Doc. 1 at 4.)  Plaintiff alleged that Fenn gave Plaintiff conflicting and misleading clues in order to deliberately misdirect him away from the treasure.  (*Id.*)  Plaintiff further alleged that Fenn "withh[eld]" the treasure from him through "fraudulent statements."  (*Id.*)  Plaintiff also claimed that Fenn had "prejudiced [his] ability" to "further his life and support the lives of needs (*sic*) and autistic children."  (*Id.*)

Fenn answered the Complaint and filed a counterclaim against Plaintiff for malicious abuse of process.  (Doc. 16).  Additionally, Brian Erskine, another treasure hunter, moved to intervene in the case.  (Doc. 9.)  But, before the would-be intervenor's motion was decided, the Parties filed a Stipulated Notice of Voluntary Dismissal of Case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which was executed by Fenn's legal counsel, Erskine, and Plaintiff and filed on February 20, 2020.  (Doc. 20).  The case was dismissed with prejudice on March 5, 2020, (Doc. 25), and the Magistrate Judge subsequently entered a text-order clarifying that the entire matter had been closed.

On March 12, 2020, Plaintiff asked the Court to dismiss the notice of voluntary dismissal. As grounds, Plaintiff alleged that he did not receive all the pleadings/filings in this matter thus had been prejudiced because he did not have all "facts relative to any actions of this Honorable Court."

---

[2] Pleadings drafted by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  But, "this leniency applies to the examination of technical language in pleadings rather than to their substantive content." *United States v. Santos-Savera*, 47 F. App'x 915, 916 (10th Cir. 2002) (unpublished) (emphasis omitted).  The Court is not obligated to "construct arguments for [Plaintiff] out of isolated sentences in his briefs," nor "fill the gaps in undeveloped arguments unsupported by citations to relevant authority." *Cahill v. Am. Family Mut. Ins. Co.*, 610 F.3d 1235, 1238 (10th Cir. 2010).

(Doc. 28 at 1.)  Fenn did not file any response.  On May 4, 2020, Plaintiff filed a document entitled "Prayer for Relief to Grant Plaintiff's Motion 'Motion to Dismiss "Notice of Voluntary Dismissal of Case."'" (Doc. 29.)  Plaintiff appeared to argue that despite the New Mexico Governor's order closing all non-essential business due to the COVID-19 pandemic, law firms and the United States District Court for the District of New Mexico remained open and, therefore, Fenn's counsel should have timely responded.  Plaintiff contended that this failure to timely respond constituted consent to his Motion under the Court's local rules and, as such, asked that his motion be granted.  (*Id.* at 2.)  Then, on May 11th, Plaintiff filed his Motion to Reopen (Doc. 31).  In that Motion, Plaintiff admitted that he signed a dismissal document (*see* Doc. 20) via email.  (*Id.* at 1.)  However, he maintained his position that because he did not receive all Court filings, he did not have sufficient information to make informed decision regarding dismissal.  Plaintiff did not state which filings he did not receive.  Plaintiff cited Federal Rule of Civil Procedure 60(b) as grounds for relief, arguing that all four grounds of 60(b)(1)—mistake, inadvertence, surprise, and excusable neglect—apply here.

Fenn filed a timely response in opposition to Plaintiff's Motion to Reopen.[3]  Fenn avers that Plaintiff spontaneously sent Fenn a letter apologizing for bringing the suit in which Plaintiff

---

[3] Plaintiff asserts that his Motion to Reopen is unopposed due to Defendant's alleged failure to timely respond.  (Doc. 33.)  Plaintiff alleges that he served Defendant with his Motion on May 8, 2020, the day he mailed it.  (Doc. 33 at 1.)  However, Plaintiff's Motion to Reopen was not filed by the Clerk's Office until May 11, 2020.  Per our Local Rules, service of motions must include the *filed* copy of the document.  D.N.M.LR-Civ. 5.1(b).  Because Plaintiff did not send a filed copy of his Motion to Defendant on May 8th, the Court will calculate the deadline 14 days after the Motion was filed by the Clerk and thus electronically served on Defendant.  Defendant filed his Response on May 24, 2020, which is within 14 days of May 11, 2020.  *See* D.N.M.LR-Civ. 7.4(a).

Moreover, under the Federal Rules of Civil Procedure, service is permitted by mail, *see* Rule 5(b)(2)(C), and the time period to respond to a motion served by mail is extended three days to allow for mail delivery (the "mailing rule").  *See* Fed. R. Civ. P. 6(d).  As such, Defendant's Response was timely using either May 8th or May 11th as the date of service.

Additionally, while the Local Rules allow the Court to construe a motion as unopposed when no timely response in opposition is filed, LR-Civ. 7.1(b), the Court nevertheless retains discretion to consider the motion on its merits, particularly when the nature of the motion can allow for the reasonable assumption that it is opposed.  The Court is of

declared, "I got carried away with trying to secure funds for 'My Kids' (the autistic and other needs kids) and thought this was a way of doing so." (Doc. 32-1 at 1.)  Plaintiff explained the suit should be dismissed with prejudice.  (*See id.* ("the prejudice will make it so it is never brought up again").)  Additionally, in e-mail correspondence with Fenn's counsel, Plaintiff agreed that the notice of dismissal "truly [did] well define [Plaintiff's] desires" and asked counsel to "pass [Plaintiff's] deep regrets to Mr. Fenn for my previous actions and assure him I know my error in judgment." (Doc. 32-2.)  Additionally, Fenn provided evidence that Plaintiff did indeed receive the notices of electronic filings in this matter, as indicated on the CM/ECF Notice of Electronic Filing receipts generated by the Court to show the recipients of filings.  (*See* Docs. 32-4, 32-5, 32-6, and 32-7.)  The email address listed is the same as the email address used by Plaintiff to correspond with Fenn's counsel.  (*Compare* Doc. 32-2 *with* Docs. 32-4, 32-5, 32-6, and 32-7.)

## LAW

"A voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court." *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989).  Once such a stipulation is filed, "the action on the merits is at an end." *Id.*  Federal jurisdiction over the matter is thus terminated "except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Fed. R. Civ. P. 60(b)." *Id.* (citing *McCall-Bey v. Franzen*, 777 F.2d 1178, 1190 (7th Cir. 1985)).

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for, *inter alia*, "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).  "Rule 60(b) relief is extraordinary and may only be granted in

---

the view that the interests of justice are better served by deciding issues on their merits, rather than disposing of them on technicalities.

exceptional circumstances." *Beugler v. Burlington N. & Santa Fe Ry.*, 490 F.3d 1224, 1229 (10th Cir. 2007) (internal quotation marks and citation omitted).  As eloquently explained by the Ninth Circuit, "[g]enerally speaking, Rule 60(b) is not intended to remedy the effects of a deliberate and independent litigation decision that a party later comes to regret through second thoughts . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1099 (9th Cir. 2006).  A district court's denial of Rule 60(b) relief is reviewed for abuse of discretion.  *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020).

## DISCUSSION

As a threshold matter, Plaintiff misinterprets the Federal Rules governing service.  While *pro se* parties are exempt from *mandatory* electronic filing, D.N.M.LR-Civ. 5.1, Federal Rule of Civil Procedure 5(b)(2)(E) provides that sending a filing "to a registered user by filing it with the Court's electronic filing system" constitutes service.  Plaintiff's reliance on a phrase in Rule requiring written consent (Doc. 33, ¶ 5) is part of a disjunctive "or" provision in the Rule.  The Rule in its entirety states that service of a motion is completed by:

> (E) sending it to a registered user by filing it with the court's electronic filing system **or** sending it by other electronic means that the person consented to in writing.

Fed. R. Civ. P. 5(b)(2)(E) (**emphasis** added).

Additionally, the Court's review of its docket shows that Plaintiff contacted the Clerk's Office on June 4, 2020 and requested to be removed from the Court's electronic notification system.  This indicates to the Court that Plaintiff had in fact been getting notice of electronic filings, and only recently objected to such service.  Curiously, Plaintiff appears to have asked to stop receiving electronic notices of filing *after* receiving notice of Fenn's Response.  (*See* Doc. 33, ¶ 10.)  Plaintiff now feigns ignorance as to the contents of the Response and avers that he need not file a reply since the Response is untimely.  (*Id.*)  As discussed above, the Response is not untimely.

What is more, the Response was filed well before Plaintiff removed himself from electronic distribution, so Plaintiff's claim of ignorance is unconvincing.  It strikes the Court that Plaintiff is attempting to play procedural games, perhaps recognizing that he has no meritorious course to reverse his decision to dismiss this case.  Plaintiff's conduct also belies the notion that he has acted in good faith (*id.*, ¶ 8)—Plaintiff knew that his Motion to Reopen was opposed, yet made a specious attempt to convince this Court otherwise.

In any case, even if there were procedural defects with service—which the Court does not believe is true—the evidence shows that Plaintiff did in fact have actual notice of the filings in this matter.  The email address associated with Plaintiff, which Plaintiff included on the face of his Complaint and used to communicate with Defense Counsel, is clearly shown on multiple Notices of Electronic Filing.  (*See* Docs. 32-4 to 32-7.)  And, even to the extent that Plaintiff is arguing that although he received the filings electronically, he was entitled to copies via U.S. Mail, he does not explain what possible prejudice he could have suffered.  Plaintiff's Motions contain no factual support whatsoever for his claim that he has "been prejudiced by not having all facts relative to any actions of this Honorable Court or processes prepared by Defendant(s) as part of this action." (Doc. 28 at 1.)  Plaintiff fails to point out how he was allegedly prejudiced, or what information in what pleading or pleadings would have changed his desire to drop this suit which, by his own admission, was improvidently filed in the first place.  (*See* Doc. 32-1.)

Plaintiff's substantive arguments are likewise meritless.  The evidence submitted by Fenn shows unequivocally and indisputably that Plaintiff withdrew his suit on his own volition and expressed regret for filing it in the first place.  (*See id.*, *see also* Doc. 32-2.)  Plaintiff's attempts to assert various Rule 60(b) grounds by affixing language from the Rule to each of his conclusory arguments are unpersuasive.  First, he claims he "made a mistake" in agreeing to dismissal without

having all the facts.  (Doc. 31 at 2.)  But Plaintiff fails to enlighten this Court as to what "facts" he learned of that would have changed his decision to withdraw this suit.  Additionally, the Tenth Circuit has been generally disinclined to grant Rule 60(b)(1) relief where the alleged "mistake" was the result of a deliberate choice like Plaintiff's choice here to voluntarily dismiss.  *See Cashner v. Freedom Stores*, 98 F.3d 572, 577 (10th Cir. 1996) ("a party who takes deliberate action with negative consequences will not be relieved of the consequences [by Rule 60(b)(1)] when it subsequently develops that the choice was unfortunate") (internal quotation marks and citation omitted); *see also Mardanlou v. GMC*, 69 F. App'x 950, 952 (10th Cir. 2003) (affirming the lower court's decision to deny Rule 60(b)(1) relief where the evidence showed that plaintiff made the deliberate choice to settle); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (explaining that Rule 60(b) relief is not for "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.")

Plaintiff also claims that it was Defendant's "inadvertent" failure to send him paper copies of pleadings led to the dismissal of this case.  It was not.  Plaintiff had actual notice of the goings on in this matter and it was his spontaneous offer to settle that led to dismissal.  Additionally, Plaintiff's claim that he was "surprised" by the Court's order of dismissal is implausible given the fact that he signed a Stipulated Notice of Dismissal (Doc. 20) and exchanged emails with Defense Counsel where he indicated that the draft comported with his wishes to end the case.  (*See* Doc. 32-2.)

## CONCLUSION

Plaintiff is clearly plagued with regret over his decision to drop his case.  But Rule 60 is not the cure for his affliction.  The Court finds no persuasive argument or evidence that Rule 60(b)

relief is required to accomplish justice here.  *See Cashner*, 98 F.3d at 579.  While this Court does have the discretion to grant Plaintiff's requested relief, it would be "an abuse of discretion to grant relief where no basis for that relief exists."  *Id.* at 580.  Therefore, for all the foregoing reasons, Plaintiff's Motion to Dismiss Notice of Voluntary Dismissal (**Doc. 28**), Prayer for Relief to Grant Plaintiff's Motion (**Doc. 29**), Prayer for Relief to Grant Plaintiff's Dismiss Notice of Voluntary Dismissal (**Doc. 30**), and Motion to Reopen Case, (**Doc. 31**), are **DENIED**.

As a result of the dismissal with prejudice on March 5, 2020 (**Doc. 25**), this case was **CLOSED** and it shall remain **CLOSED.**

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE